UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN JOHNSON,

                Petitioner,

-vs-                                                                                Case No. 8:10-cv-575-T-33AEP

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## **ORDER**

Petitioner Christian Johnson petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson challenges his trial-based convictions for sexual battery on a child under twelve and lewd or lascivious exhibition in the presence of a child under sixteen, which arise out of the Sixth Judicial Circuit, Pinellas County, Florida, in case no. CRC03-6803CFANO. A review of the record demonstrates that the petition is untimely and must be **denied.**

PROCEDURAL HISTORY

Johnson was found guilty after a jury trial held April 13-14, 2006, of sexual battery on a child under twelve and lewd or lascivious exhibition in the presence of a child under sixteen, as charged by amended information in case no. CRC03-6803CFANO. Adjudicated guilty in accordance with the verdicts, Johnson was sentenced to life in prison on the sexual battery count. A concurrent fifteen-year prison term was imposed on the remaining count. Johnson appealed his trial-based judgment, and on February 24, 2006, the state district court of appeal per curiam affirmed the conviction and sentences in case no. 2D05-2374. *Johnson v. State*, 923 So. 2d 501 (Fla. App. Dist. 2006)[table]. Johnson did not seek rehearing, nor did he pursue certiorari review in the United States Supreme Court.

Johnson filed a pro se Rule 3.850 motion for postconviction relief dated March 29, 2007, (Resp. Ex. 6).[1] Subsequently, John filed a pro se supplement to the Rule 3.850 motion, an amended Rule 3.850 motion, and another supplement. In a nonfinal order rendered March 28, 2008, the postconviction court denied all grounds except one that Johnson raised in his original Rule 3.850 motion. (Resp. Ex. 7) After securing a response from the state, the postconviction court denied the remaining ground without a hearing on July 9, 2008. (Resp. Ex. 8) Johnson then sought leave to amend his Rule 3.850 motion; his motion to do so was denied. Johnson appealed the denial of postconviction relief, and on June 20, 2008, the state district court per curiam affirmed the denial of postconviction relief in case no. 2D08-4760. *Johnson v. State*, 23 So. 3d 118 (Fla. App. Dist. 2009)[table]. Following denial of rehearing, the mandate issued December 28, 2009.

Johnson signed the present petition on March 2, 2010.

## THE PRESENT PETITION IS UNTIMELY

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest

---

[1] During the pendency of his Rule 3.850 proceeding, Johnson filed a pro se state petition for writ of habeas corpus on June 15, 2007. The petition was dismissed on August 17, 2007. Johnson also improperly filed a pro se state petition for writ of habeas corpus in another circuit. The petition was transferred to the Sixth Circuit on November 1, 2007. The petition was denied on March 26, 2008, in case no. 07-11229CI. Johnson appealed, and on October 3, 2008, the state district court of appeal affirmed the denial of relief, stating only: Affirmed. *See DuBoise v. State*, 520 So.2d 260 (Fla. 1988); *Bizzell v. State*, 912 So.2d 386 (Fla. 2d DCA 2005); *Desmond v. State,* 576 So.2d 743 (Fla. 2d DCA 1991); *Felton v. State*, 919 So.2d 557 (Fla. 5th DCA 2005). *Johnson v. State*, 992 So. 2d 263 (Fla. App. Dist. 2008). The mandate in case no. 2D08-2000 issued on October 24, 2008.

of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Johnson's AEDPA limitations period runs from the date on which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). More particularly, his trial-based judgment became final on May 27, 2006, upon expiration of the time for seeking certiorari review following the February 24, 2006, affirmance in his direct appeal. See Supreme Court Rule 13.3; *Nix v. Sec'y for the Dep't of Corr.,* 393 F.3d 1235, 1236 (11th Cir. 2004); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Upon commencement of his AEDPA limitations period on May 28, 2006, a period of 305 days elapsed which was not tolled until Johnson filed his pro se Rule 3.850 motion dated March 29, 2007, which qualifies as a "properly filed" application within the meaning of § 2244(d)(2). The Rule 3.850 attack was pending until issuance of the mandate in the ensuing appeal on December 28, 2009. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)(under Florida law, appellate order is pending until mandate issues).[2] An additional period of 63 days elapsed for a total of 368 days that were not tolled before Johnson filed the instant petition dated March 2, 1010. (Doc. 1) By then, his AEDPA limitations period had expired.

---

[2] Neither of Johnson's habeas petitions tolled the limitations period. Both were pending during his rule 3.850 proceedings. Thus, this Court need not determine whether either was "properly filed" within the meaning of the tolling statute.

Johnson does not account for his untimeliness. In his reply, Johnson mistakenly calculates the date on which the 90 days for filing a petition for writ of certiorari commences as the date of the mandate, rather than the date of the judgment of the state district court of appeal. As early as 2004, in *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), the Eleventh Circuit stated that a petitioner had 90 days from the date of the entry of judgment to file a petition for writ of certiorari in the United States Supreme Court. The Eleventh Circuit reiterated the *Bond* holding in *Chavers v. Sec'y Dept. of Corrections*:

> Under the AEDPA, a state prisoner's petition for federal habeas review is governed by a one-year statute of limitations period that commences on the latest of four triggering dates. The triggering date in play here is the date on which conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari. *Bond*, 309 F.3d at 773.
>
> . . . .
>
> The Supreme Court is authorized by statute to prescribe rules setting the "time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case." 28 U.S.C. § 2101(d). The Court has done so in its Rule 13, which provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Sup. Ct. R. 13.1 (emphasis added). If Rule 13.1 is unclear about when the 90-day period begins to run, Rule 13.3 leaves no doubt. It specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Id.* at 13.3.
>
> . . . .
>
> We now hold, as we said in *Bond*, that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).

*Chavers*, 468 F.3d 1273-1276 (11th Cir. 2006).

Johnson fails to present a justifiable reason to avoid the preclusive effect of the one-year limitations period.

Accordingly, the Court orders:

That Johnson's petition is denied. The Clerk is directed to enter judgment against Johnson and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 22, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Christian Johnson

-5-